# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA BARRETT<br>O/B/O GLEN D. BARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>**Commissioner of Social Security,**[1]<br><br>    Defendant. | Case No. CIV-18-579-G |

## OPINION AND ORDER

Plaintiff Glen D. Barrett[2] brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Court has reviewed the administrative record (Doc. No. 10, hereinafter "R. _"),[3] and the arguments and authorities submitted by the parties. The Commissioner's decision is affirmed.

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] This lawsuit was filed on behalf of the claimant, Glen D. Barrett, who passed away while this matter was before the SSA Appeals Council. *See* R. 7. In this Opinion, references to "Plaintiff" refer only to the claimant.

[3] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

I.     PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on October 29, 2014, and ultimately alleged disability beginning March 1, 2010. R. 18, 46, 175-81. The SSA denied his application initially and on reconsideration. R. 62-89. At Plaintiff's request, an administrative law judge ("ALJ") held a hearing on August 3, 2016, after which the ALJ issued an unfavorable decision on May 17, 2017. R. 15-61.

The ALJ followed the five-step sequential evaluation process in determining Plaintiff was not entitled to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. R. 21. At step two, the ALJ determined that Plaintiff has severe impairments of: emphysema; costochondritis; lumbago; major depressive disorder, recurrent, moderate to severe, without psychotic features; and generalized anxiety disorder. R. 21-25.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 25-27.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") during the relevant period, based on all of his medically determinable impairments, and found:

> [T]hrough the date last insured, [Plaintiff] had the [RFC] to perform "medium work," as defined in 20 CFR 404.1567(c), except that [Plaintiff] can only: have no more than occasional exposure to irritants, such as dusts, fumes, smoke, gases, and poor ventilation; have no more than occasional exposure to high humidity and wetness; understand, remember, and carry out

> 1 to 3 step simple instructions; make only simple work related decisions; and deal with only occasional changes in work processes and environment.

R 27. At step four, the ALJ considered the hearing testimony of the vocational expert ("VE") and found that Plaintiff was not capable of performing any past relevant work. R. 33.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 33-34. Relying upon the VE's testimony, the ALJ found that Plaintiff could perform unskilled occupations such as laundry worker, hand packager, and machine attendant, and that these occupations offer jobs that exist in significant numbers in the national economy. R. 34. The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 34.

The SSA Appeals Council denied review of the ALJ's decision. R. 1-6. The ALJ's unfavorable decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

II. STANDARD OF REVIEW

This Court's judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*,

331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," in determining whether the ALJ's decision is supported by substantial evidence. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). Though a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

III. ANALYSIS

In this action, Plaintiff contends that for various reasons "the ALJ failed to perform a proper evaluation at Step Five of the sequential evaluation process." Pl.'s Br. (Doc. No. 14) at 3. The Court addresses each alleged error below.

  A. *The RFC Finding*

Characterizing his argument as a challenge to the ALJ's step-five determination, Plaintiff asserts that the ALJ erred in his RFC finding that Plaintiff could have occasional exposure to "high humidity and wetness" because such a finding "defies common sense" given Plaintiff's severe impairment of emphysema. *Id.* at 6-7; *see* R. 21, 27. Plaintiff similarly argues that Plaintiff would not be able to perform the job of machine attendant due to his back pain and lumbago. Pl.'s Br. at 6.

4

As noted by Defendant, however, Plaintiff here fails to cite to any medical-source opinions that would support further limitations or any authority for the proposition that his severe impairments were incompatible with the RFC. As such, this argument fails. *See Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) (finding RFC analysis was supported by substantial evidence when claimant failed to cite anything "specific in the medical records to support his alleged functional limitations"); *see also* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) ("When there is no allegation of a . . . restriction of a specific functional capacity, and no information in the case record that there is such a . . . restriction, the [ALJ] must consider the individual to have no . . . restriction with respect to that functional capacity.").

### B. The Vocational Expert's Testimony

As noted, the ALJ referenced the VE's testimony in finding that Plaintiff was able to perform the occupations of laundry worker, hand packager, and machine attendant. R. 33-34, 57-59. Plaintiff generally argues that reversal is required because this testimony conflicts with the DOT and the ALJ failed to reconcile that conflict. *See* SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination about whether the claimant is disabled.").

Plaintiff first complains that the VE erred in stating that these three occupations were medium work because the first two actually require light work. *See* Pl.'s Br. at 5. But the VE was correct. *See Dictionary of Occupational Titles* (4th rev. ed. 1991) ("DOT")

361.684-014, 1991 WL 672983 (Laundry Worker I; classified as medium work); *id.* 920.587-018, 1991 WL 687916 (Packager, Hand; classified as medium work); *cf. Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (explaining that "the ALJ may rely on the [VE's] testimony as substantial evidence to support a determination of nondisability" absent a conflict between the DOT and the VE's testimony).

Next, Plaintiff asserts that the DOT prescribes that both the laundry-worker and hand-packager occupations require occasional exposure to wetness and/or humidity and that these requirements conflict with the VE's testimony that the occupations did not require any exposure to high humidity and wetness. Pl.'s Br. at 5 (citing R. 59). Contrary to Plaintiff's assertion, the DOT does not contemplate any such exposure for the hand-packager job. *See* DOT 920.587-018, 1991 WL 687916 (Packager, Hand) ("Wet and/or Humid: Not Present – Activity or condition does not exist"). The DOT *does* contemplate occasional exposure to such conditions for the laundry-worker job. *See* DOT 361.684-014, 1991 WL 672983 (Laundry Worker I) ("Wet and/or Humid: Occasionally – Exists up to 1/3 of the time"). The inconsistency here is of no moment, however, because the ALJ specifically found in the RFC that Plaintiff could have occasional exposure to high humidity and wetness, R. 27, and Plaintiff has not shown a lack of substantial evidence for that finding (as outlined above). *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1173 (10th Cir. 2012) (finding alleged error harmless where the ALJ's failure to note the claimant's testimony did "not affect[] the outcome in this case"); *cf. Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016) ("The [ALJ] had to ask only about the effect of those limitations

6

ultimately assessed; the judge did not need to ask about the effect of limitations that he didn't believe applied.").

Plaintiff also argues the RFC's limitation to only occasional irritants precludes him from working as a machine attendant. *See* Pl.'s Br. at 6; DOT 649.685-010, 1991 WL 685632 (Automatic-Machine Attendant) ("Pours glue into pots."). Defendant does not dispute that the DOT listing reflects that this occupation requires frequent exposure to atmospheric conditions and toxic caustic chemicals, which is inconsistent with the VE's testimony and the RFC. Def.'s Br. (Doc. No. 15) at 8; *see* DOT 649.685-010, 1991 WL 685632 (Automatic-Machine Attendant). Defendant notes that the hand packager occupation also involves frequent exposure to atmospheric conditions. *See* DOT 920.587-018, 1991 WL 687916 (Packager, Hand).

Defendant responds, however, that the inconsistency with respect to these two jobs is harmless because the requirements of the laundry-worker occupation are consistent with the RFC (and the VE's testimony) and that occupation offers jobs existing in significant numbers in the national economy. *See* R. 27, 57-59; 42 U.S.C. § 423(d)(2) (prescribing that an individual is disabled only if he or she is unable to do both his or her previous work and "any other kind of substantial gainful work which exists in the national economy"). The Court agrees. Even assuming that Plaintiff's RFC did not permit him to work as a machine attendant or a hand packager, the laundry-worker occupation presents no irritant issue. *See* DOT 361.684-014, 1991 WL 672983 (Laundry Worker I) (stating that atmospheric conditions and toxic caustic chemicals are "[n]ot [p]resent"). Further, the VE's testimony that there are 289,000 such jobs available nationally reflects that this

7

occupation exists in significant numbers in the national economy. *See* R. 58; *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (finding harmless error where if only two jobs were considered at step five, there remained 11,000 jobs available regionally and 152,000 nationally); *Chrismon v. Colvin*, 531 F. App'x 893, 900 (10th Cir. 2013) (finding 180,000 nationally available jobs "significant"); *see also Wendelin v. Astrue*, 366 F. App'x 899, 903 (10th Cir. 2010) (noting that work existing "in the national economy" can refer to the number of jobs "available nationally"). Thus, any error by the ALJ on this point is harmless given the wide availability of laundry-worker jobs. *See Stokes*, 274 F. App'x at 684; *Chrismon*, 531 F. App'x at 900.

### *C. Reasoning Level of the Step-Five Jobs*

Finally, Plaintiff argues that the ALJ erred in relying on the three jobs identified by the VE because the DOT classifies these jobs as having a General Educational Development ("GED") reasoning level of 2—i.e., that a successful occupant be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT 361.684-014, 1991 WL 672983 (Laundry Worker I). According to Plaintiff, this reasoning level is incompatible with Plaintiff's RFC, which limited him to "1 to 3 step simple instructions" and making "only simple work related decisions." R. 27.

GED "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT *Appendix C – Components of the Definition Trailer*, 1991 WL 688702. "GED does not describe specific mental or

skill requirements of a particular job, but rather describes the general educational background that makes an individual suitable for the job, broken into the divisions of Reasoning Development, Mathematical Development and Language Development." *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013).

Plaintiff has not shown a material unexplained conflict between the VE's testimony and the DOT or supplied any binding or persuasive authority to support her contention of error. As a threshold matter, the RFC's specific reference to "1 to 3 step simple instructions," R. 27, is not clearly inconsistent with reasoning-level-2 "detailed *but uninvolved*" instructions. DOT 361-684.014, 1991 WL 672983 (Laundry Worker I) (emphasis added). In fact, the RFC's 3-step limitation can reasonably be viewed as more consistent with reasoning level 2 than with reasoning level 1, which requires the worker to "carry out simple *one- or two-step* instructions." DOT *Appendix C – Components of the Definition Trailer*, 1991 WL 688702 (emphasis added); *cf. Brewer v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-576-SPS, 2018 WL 4562918, at *3-4 (E.D. Okla. Sept. 24, 2018) (reversing where RFC limited claimant to simple, *repetitive* tasks *with routine supervision* and the jobs identified had reasoning levels of 2 or 3); *Deveraeaux v. Astrue*, No. 12-cv-1168-WJM, 2013 WL 2393075, at *8 (D. Colo. May 31, 2013) (finding ALJ's limitation to simple *and routine* instructions inconsistent with ALJ's finding that claimant could perform jobs with reasoning level 2).

In addition, whether the reasoning level is 1 or 2 the relevant jobs are still unskilled in nature, entailing only "simple duties" and typically requiring one month or less of training to learn. 20 C.F.R. § 404.1568(a) ("Unskilled work is work which needs little or

9

no judgment to do simple duties that can be learned on the job in a short period of time."); DOT *Appendix C – Components of the Definition Trailer*, 1991 WL 688702. And further, although the record does contain observations of Plaintiff showing confusion or slowness, his work history reflects that he has been able to perform semiskilled and skilled jobs with higher reasoning levels. *See* R. 57-58; *see, e.g.*, DOT 869.664-014, 1991 WL 687601 (Construction Worker I: reasoning level 3); *id.* DOT 862.281-022, 1991 WL 687493 (Pipe Fitter: reasoning level 4).

Thus, reversal is not required on this basis.

## CONCLUSION

The challenged findings are supported by substantial evidence in the record and do not reflect prejudicial legal error. The decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

IT IS SO ORDERED this 19th day of September, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge